UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA P. CRANK,

    Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

_____/

Case No.: _____

State Court Case No.: 13-CA-011586

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, and 1446, Defendant Wells Fargo Bank, N.A., ("Wells Fargo")[1], identified by Plaintiff as Wells Fargo Home Mortgage, Inc., hereby removes the above-captioned case from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

### I. THE REMOVED CASE

1. The removed case is a civil action filed on or about September 11, 2013, by Plaintiff Crank ("Plaintiff"), in Hillsborough County, Florida, having been assigned the case number 13-CA-011586.

2. Plaintiff's Complaint asserts three counts. Counts I, II, and III are for alleged violations of the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. §

---

[1] Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. in 2004. As a result there is no separate legal entity, and the correct named defendant should be Wells Fargo Bank, N.A. Indeed, it is Wells Fargo Bank, N.A. that Plaintiff served with a copy of the Complaint in this action.

2

559.55, et. seq. Count IV is for alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TPCA").

3. This action is removable under 28 U.S.C. section 1441(b), in that it is a civil action arising under the Constitution, treaties or laws of the United States. This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

## II. WELLS FARGO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. As required by 28 U.S.C. section 1446(a), Wells Fargo attaches copies of all process, pleadings, and orders served upon Wells Fargo, including summonses and petitions, as Exhibit A.[2]

5. The Complaint was served on Wells Fargo on September 17, 2013. Therefore, this Notice of Removal is timely filed within 30 days of receipt of the initial pleading by Plaintiffs and within one year of commencement of the action. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Wells Fargo has not yet served its response to the Complaint.

6. The Thirteenth Judicial Circuit is located within the Middle District of Florida, Tampa Division. Venue is thus proper under 28 U.S.C. § 89(b) because this is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

---

[2] Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

22376608.1

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441.

*Federal Question Jurisdiction*

7. Removal is proper under 28 U.S.C. § 1331 because the Plaintiff's claim arises under the Constitution, laws, or treaties of the United States. This Court has original jurisdiction under 28 U.S.C. § 1331, and Defendant is entitled to remove to this Court pursuant to 28 U.S.C. § 1441(b), in that, Plaintiff has pleaded federal law claims arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 752-53 (2012) (declaring that federal courts have subject matter jurisdiction over private claims brought under the TCPA, and that such claims are federal questions subject to removal under 28 U.S.C. § 1331).

*Supplemental Jurisdiction*

8. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all other claims—the three state law FCCPA claims—Plaintiff brings in this case because those claims are so related to Plaintiff's TCPA claims that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, all of Plaintiff's remaining claims are removable pursuant to 28 U.S.C. § 1441(c).

9. Pursuant to 28 U.S.C. section 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Hillsborough County, Florida. A true and correct copy of this Notice is attached. See Exhibit B.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo respectfully removes this action from the Thirteenth Judicial District of Florida, bearing Case No. 13-CA-011586, to this Court pursuant to 28 U.S.C. § 1441.

Dated: October 7, 2013

/s/ *Fentrice D. Driskell*
Fentrice D. Driskell
Florida Bar Number 0833851
Sara G. Witmeyer
Florida Bar Number 28072
CARLTON FIELDS, P.A.
fdriskell@carltonfields.com
switmeyer@carltonfields.com
Post Office Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
E-mail: fdriskell@carltonfields.com
E-mail: switmeyer@carltonfields.com
*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I CERTIFY that on the 7th day of October, 2013, a copy of this pleading was e-mailed and sent by regular U.S. mail to:

Christie D. Arkovich
1520 W. Cleveland Street
Tampa, FL 33606

E-mail 1: cdalaw@tampabay.rr.com
E-mail 2: cdalaw5@tampabar.rr.com
E-mail 3: cdalaw3@tampabay.rr.com

/s/ *Fentrice D. Driskell*
Fentrice D. Driskell
Florida Bar Number 0833851

22376608.1

4