UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA P. CRANK,

        Plaintiff,

                                                Case No.: 8:13-cv-2579-SDM-MAP

vs.

WELLS FARGO HOME MORTGAGE, INC.,

        Defendant.
_____/

## WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Wells Fargo Bank, N.A., ("Wells Fargo")[1], identified by Plaintiff as Wells Fargo Home Mortgage, Inc., by and through undersigned counsel, moves to dismiss the Complaint (Doc. 2) filed by Cynthia P. Crank ("Plaintiff"), for failure to state a claim upon which relief can be granted. Wells Fargo sets forth the grounds for its Motion more fully in the following memorandum of law.

## MEMORANDUM OF LAW

### Background

Plaintiff filed a Complaint for Unlawful Debt Collection Practices and Demand for Jury Trial ("Complaint") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as Case No. 13-CA-011586, on or about September 11, 2013, and Wells Fargo filed a Notice of Removal (Doc. 1) of the action in this Court on October 7, 2013.

Plaintiff has sued Wells Fargo in connection with Wells Fargo's alleged violations of the Florida Consumer Collection Practices Act (the "FCCPA"), sections 559.55-.785, Florida

---

[1] Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. in 2004. As a result there is no separate legal entity, and the correct named defendant should be Wells Fargo Bank, N.A. Indeed, it is Wells Fargo Bank, N.A. that Plaintiff served with a copy of the Complaint in this action.

28219204.3

Statutes (2012), and the federal Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. Plaintiff alleges that "in or around July of 2012," her consumer debt went into default and that Wells Fargo began placing telephone calls to her cellular telephone using an automatic telephone dialing system in its attempts to collect the debt. Compl. ¶¶ 8-12. Plaintiff alleges that she began notifying Wells Fargo that it did not have her consent to call her on her cellular phone. Compl. ¶ 13. Plaintiff alleges that she retained a law firm to represent her with respect to the debt. Compl. ¶ 14. Plaintiff alleges that the firm notified Wells Fargo that it represented her with respect to the debt and that Plaintiff did not consent to receiving further calls. Compl. ¶¶ 15-16. Plaintiff alleges that Wells Fargo continued to telephone her using an automatic dialing system and sent numerous written communications to Plaintiff in which it attempted to collect the debt. Compl. ¶¶ 17-21.

Count I alleges that Wells Fargo violated section 559.72(7), Florida Statutes by allegedly communicating with Plaintiff regarding the debt while knowing she was represented by an attorney with respect to the debt and by using an automatic telephone dialing system to call her cellular telephone on numerous occasions to collect the debt without her express consent, which conduct could reasonably be expected to harass. Compl. ¶¶ 29-31.

Count II alleges that Wells Fargo violated section 559.72(9), Florida Statutes by allegedly communicating with Plaintiff regarding the debt while knowing she was represented by an attorney with respect to the debt and by using an automatic telephone dialing system to call her cellular telephone on numerous occasions to collect the debt without her express consent, while knowing that it did not have the legal right to use such debt collection practices. Compl. ¶¶ 34-35.

Count III alleges that Wells Fargo violated section 559.72(18), Florida Statutes by

communicating directly with Plaintiff for the purpose of collecting the debt while knowing Plaintiff was represented by an attorney with respect to the debt.  Compl. ¶ 38.

Count IV alleges that Wells Fargo violated the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular telephone without her prior express consent and made the calls knowingly, willfully, and consciously in violation of the TCPA.  Compl. ¶¶ 41-42.

Based on these allegations, Plaintiff seeks actual damages, statutory damages of up to $1,000 per each adverse adjudication under the FCCPA, statutory damages of $500 for each telephone call made in violation of the TCPA since July 1, 2012, treble statutory damages of $1,500 for each knowing and willful violation of the TCPA since July 1, 2012, a permanent injunction enjoining Wells Fargo from engaging in the complained of alleged practices, and attorney's fees and costs.  See Compl. ¶¶ 24-26, 32, 36, 39, 43.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) directs that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 663 (citing Twombly, 550 U.S. at 556).  In determining facial plausibility, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 678 (quoting Twombly, 550 U.S. at 555). Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

## Argument

**I.   The Complaint's Conclusory Allegations Fail to Plausibly State a Claim for Relief.**

Plaintiff's Complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted insofar as it does not include sufficient factual allegations to support the FCCPA and TCPA claims.

Plaintiff purports to bring a four-count Complaint alleging violations of the FCCPA and TCPA. Wells Fargo, however, generally cannot admit or deny the allegations of the Complaint, because the Complaint lacks specific factual allegations. The Complaint contains vague and conclusory allegations of wrongdoing and contains few facts. Its allegations effectively parrot the FCCPA and TCPA without providing even the most basic details regarding the alleged telephone calls to Plaintiff's cellular telephone. For example, Plaintiff does not even allege the date or time of any particular telephone call, or how many times Wells Fargo allegedly placed a telephone call to her cellular telephone using an automatic telephone dialing system. Further, Plaintiff does not allege any facts to show that Wells Fargo "communicated" with her regarding her alleged debt as that term is defined in section 559.55(5) of the FCCPA.

Because Plaintiff generally fails to make even the most basic statements of ultimate facts regarding the circumstances of the case, Plaintiff fails to state a claim under the FCCPA and TCPA. Wells Fargo cannot reasonably be required to frame a responsive pleading to the Complaint under these circumstances. As such, the Complaint should be dismissed.

**II.   Count II Fails to State a Claim Under Section 559.72(9), Florida Statutes.**

Count II also should be dismissed for the additional reason that the Complaint fails to allege that Wells Fargo asserted a legal right with actual knowledge that the legal right did not

exist.

Section 559.72(9) makes it unlawful for any person to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. (2012). Plaintiff's allegations do not fall within the plain meaning of the statute.

To state a claim under section 559.72(9), "[i]t must be shown that <u>a legal right that did not exist was asserted</u> and that the person had actual knowledge that the right did not exist." <u>Read v. MFP, Inc.</u>, 85 So. 3d 1151, 1154 (Fla. 2d DCA 2012) (citing <u>Pollock v. Bay Area Credit Serv., LLC</u>, No. 08-61101-Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009)). Under the plain language of the statute, a plaintiff must show that a defendant improperly asserted a legal right. If a plaintiff cannot point to such an assertion, a defendant is entitled to judgment as a matter of law. <u>See</u> <u>Read</u>, 85 So. 3d at 1154 (holding that court properly granted judgment on the pleadings in favor of defendant as to section 559.72(9) where plaintiff did not and could not point to any legal right debt collector asserted when it left messages on debtor's answering machine requesting a return call); <u>see also</u> <u>Meininger v. Green Tree Servicing, LLC</u>, No. 8:11-cv-2006-T-33, 2012 WL 1166161, at *3 (M.D. Fla. Apr. 6, 2012).

In <u>Meininger</u>, the plaintiff asserted that a creditor violated subsection (9) by using rude and abusive language. The plaintiff alleged that this same conduct violated subsection (8), which makes it a violation to "[u]se profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family." § 559.72(8), Fla. Stat. The plaintiff in <u>Meininger</u> effectively was attempting to claim that by engaging in activity that arguably was prohibited by another subsection of the FCCPA, the creditor necessarily was attempting to assert a legal right that it knew did not exist which, based on the plaintiff's

apparent reasoning, should trigger a violation of subsection (9) as well. The bankruptcy court was not persuaded by the plaintiff's attempt to bootstrap its other claims for FCCPA violations onto the plaintiff's claim under subsection (9). Instead, the bankruptcy court held, and the district court affirmed, that the creditor must assert some legal right.

A plaintiff might demonstrate a claim under section 559.72(9) in a number of ways:

> [F]or example, a plaintiff may establish a violation of section 559.72(9) by showing that the debt collector garnished wages in violation of the statutory requirements for garnishment, see Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir. 2004), or actively attempted to collect a debt when the debt collector knew that the consumer had filed for bankruptcy protection, cf. Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010), or attempted to collect post judgment interest in an amount greater than the statutory rate, cf. N. Star Capital Acquisitions, LLC v. Krig, 611 F. Supp. 2d 1324, 1336–37 (M.D. Fla. 2009), or attempted to collect a debt that had already been satisfied, see Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976). In each of those cases, the debt collector asserted specific legal rights concerning the collection of the debt at issue when it did not legally possess those rights.

Read, 85 So. 3d at 1154. Conversely, a plaintiff does not establish a violation of section 559.72(9) merely by alleging that a creditor took some action that would come within the purview of another section of the FCCPA.

Here, Plaintiff has not stated a claim under section 559.72(9). Plaintiff alleges only that Wells Fargo allegedly communicated with her regarding the debt while knowing she was represented by an attorney with respect to the debt and by using an automatic telephone dialing system to call her cellular telephone on numerous occasions to collect the debt without her express consent, while knowing that it did not have the legal right to use such debt collection practices. Compl. ¶¶ 34-35. If true, that alleged conduct would come within the scope of section 559.72(18). Nonetheless, that alleged conduct does not constitute the assertion of a legal right, and Plaintiff does not identify any legal right that Wells Fargo asserted. Indeed, placing a telephone call to Plaintiff is not the assertion of a right. See Read, 85 So. 3d at 1155 ("A

recorded message that does nothing more than request a return call simply does not constitute the assertion of any right, legal or not."). Therefore, Plaintiff's claim under section 559.72(9) fails as a matter of law and should be dismissed.

### III. Plaintiff Is Not Entitled to $1,000 in Statutory Damages for Each Alleged Violation of the FCCPA.

Counts I through III also should be dismissed because Plaintiff wrongfully claims that she is entitled to an award of up to $1,000 in statutory damages for each alleged violation of the FCCPA.

Plaintiff relies on <u>Beeders v. Gulf Coast Collection Bureau</u>, 632 F. Supp. 2d 1125 (M.D. Fla. 2009), to support her claim. <u>See</u> Compl. ¶ 24. Plaintiff's reliance is misplaced because the court in <u>Beeders</u> interpreted a predecessor version of the FCCPA in a unique context. Moreover, the <u>Beeders</u> court was not presented with Florida precedent by the parties from the outset. The plain language of the current version of the FCCPA does not support Plaintiff's claim for $1,000 per each violation of the FCCPA and would instead award Plaintiff up to $1,000 total in statutory damages were Plaintiff to successfully prove that Wells Fargo committed an FCCPA violation. Thus, at most, Plaintiff is entitled under the FCCPA to total statutory damages of $1,000 for this entire action should a violation be proven.

Section 559.77(2), Florida Statutes (2012), the civil remedies provision of the FCCPA, provides in relevant part:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

The language of this provision allows a prevailing plaintiff to recover statutory damages "not

exceeding $1,000." Moreover, the provision requires a court to evaluate certain considerations when determining a defendant's liability for statutory damages, including "the frequency and persistence of the noncompliance" with section 559.72. The inclusion of this language in the statute demonstrates that the Florida Legislature contemplated that multiple violations of the FCCPA would be subject to the statutory maximum of $1,000.

Beeders was decided on June 30, 2009, and interpreted a previous version of this statute. In Beeders, the court addressed a plaintiff's motion for summary judgment seeking a determination that his FCCPA claims could proceed in a separate case for each call alleged. 632 F. Supp. 2d at 1127. In denying the plaintiff's motion, the court in Beeders held that under section 559.77(2) "damages . . . [are] limited to $1,000 per defendant per adverse adjudication." Id. at 1130. The court held that the "determination of each count of the cause of action constitu[ted] an adjudication." Id. Thus, the court interpreted "adjudication" to refer to each count within the complaint, instead of the case as a whole. This interpretation formed the foundation for its decision.

The Beeders decision runs contrary to established Florida law and the language of the FCCPA. In Peters v. Collision Clinics International Inc., 404 So. 2d 116, 117 (Fla. 4th DCA 1981), the court interpreted a prior version of the statute[2] and held that "there is no indication . . . that a debtor bringing suit . . . is to recover at least $500 for every violation of Section 559.72." The court went on to state that "[i]t would have been quite simple for the Legislature to provide actual damages or $500 for each violation of the statute, but it did not do so." Id. Although the Florida Legislature has amended the FCCPA since the Peters decision, it has not amended it to

---

[2] The statute at issue in Peters provided in relevant part, "Upon adverse adjudication, the defendant shall be liable for actual damages or five hundred dollars, whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff . . . ." Peters, 404 So. 2d at 117 n.2 (quoting section 559.77(1), Florida Statutes (1975)).

provide for statutory damages "for each violation of the statute." Thus, reliance on the Peters decision in this case is appropriate and dispositive.

The court in Beeders confronted the Peters decision for the first time on the defendant's motion for reconsideration of the court's order on the plaintiff's motion for summary judgment. See Beeders v. Gulf Coast Collection Bureau, No. 8:09-cv-00458-T-17-EAJ, 2009 WL 3013502, *2 (M.D. Fla. Sept. 16, 2009). The defendant asked the court to "amend its June 30, 2009, Order to reflect that statutory damages under the FCCPA are limited to an award of $1,000.00 per cause of action, not per count within a single cause of action." Id. The defendant for the first time raised the Peters decision and its interpretation of the FCCPA. Id. The court was "left to wonder why this interpretation of the statute was not argued initially." Id. at *3. The court found Peters applicable; however, "[b]ecause Defendant ha[d] failed to articulate a reason as to why its Peters argument was not initially raised during its response to Plaintiff's Motion for Partial Summary Judgment, denial of Defendant's motion for reconsideration [was] appropriate." Id.

Aside from its unique procedural posture and failure to contemplate the Peters decision from the outset, the Beeders decision also has limited relevance to this case because the Florida Legislature amended section 559.77(2) after the Beeders decision to remove "adverse adjudication" from the statute.[3] Without this language, the Beeders interpretation of section

---

[3] Language that is underlined was added, and language that is struck through was deleted:

> (2) **Any person who fails to comply with any provision of s. 559.72 is** ~~Upon adverse adjudication, the defendant shall be~~ liable for actual damages and for additional statutory damages **as the court may allow, but not exceeding** ~~of up to~~ $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of **the** ~~such~~ noncompliance, and the

559.77(2) is moot.

It is clear that the Florida Legislature did not intend to permit separate statutory damages for each violation of the FCCPA. Instead, the statutory damages that can be awarded per action cannot exceed $1,000, whether there is one or multiple violations of the FCCPA.[4] Such an interpretation is consistent with the plain language of the statute and with Peters, and brings the FCCPA in line with the types of damages available under the Federal Debt Collection Practices Act ("FDCPA"). See Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology.").

Here, Plaintiff would not be entitled to $1,000 in statutory damages for each adjudication of an FCCPA violation. Instead, Plaintiff's damages would be limited to an award of actual damages and up to $1,000 in statutory damages under the FCCPA for the entire action, plus reasonable costs and attorney's fees. Hence, the Complaint as currently alleged seeks a remedy

---

extent to which **the** such noncompliance was intentional. In **a** any class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages **up** not to exceed the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members **; however**, **the** but in no event may this aggregate award **may not** provide an individual class member with additional statutory damages in excess of $1,000. The court may , in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff **is** shall be liable for court costs and reasonable attorney's fees incurred by the defendant.

Ch. 2010-127, § 9, at 988, Laws of Fla.

[4] A different statutory maximum governs class action lawsuits. See § 559.77(2), Fla. Stat. (2012).

outside the scope of the FCCPA. Accordingly, Counts I through III should be dismissed.

### Conclusion

WHEREFORE, Wells Fargo respectfully requests that the Court enter an order granting this Motion, dismissing the proceeding, and granting such further relief as the Court deems just and equitable under the circumstances.

    Respectfully submitted,

    *s/ Sara G. Witmeyer*
    Fentrice D. Driskell
    Florida Bar No. 0833851
    Sara G. Witmeyer
    Florida Bar No. 28072
    E-mail: fdriskell@carltonfields.com
    E-mail: switmeyer@carltonfields.com
    Carlton Fields, P.A.
    P.O. Box 3239
    Tampa, FL 33601-3239
    Telephone: (813) 223-7000
    Facsimile: (813) 229-4133
    *Attorneys for Wells Fargo Bank, N.A.*

### CERTIFICATE OF SERVICE

I hereby certify that on **October 14, 2013**, I electronically filed the foregoing Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law with the Clerk of Court, by using the CM/ECF system, which will send an electronic notice to the following authorized CM/ECF filers:

Christie D. Arkovich
Erin M. Allen
1520 W. Cleveland Street
Tampa, FL 33606
cdalaw@tampabay.rr.com
cdalaw5@tampabar.rr.com
cdalaw7@tampabay.rr.com

    */s/ Sara G. Witmeyer*
    Sara G. Witmeyer
    Florida Bar No. 28072