UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA P. CRANK,

    Plaintiff,

Case No.: 8:13-cv-2579-SDM-MAP

vs.

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

_____/

**DEFENDANT, WELLS FARGO BANK, N.A.'S MOTION TO STRIKE
PLAINTIFF, CYNTHIA P. CRANK'S JURY TRIAL DEMAND
AND SUPPORTING LEGAL MEMORANDUM**

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"),[1] moves pursuant to Fed. R. Civ. P. 12(f), to strike Plaintiff, Cynthia P. Crank's ("Plaintiff"), demand for a jury trial on the claims alleged in her Amended Complaint, and states:

**BACKGROUND**

Plaintiff filed a Complaint for Unlawful Debt Collection Practices and Demand for Jury Trial ("Complaint") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as Case No. 13-CA-011586, on or about September 11, 2013, and Wells Fargo filed a Notice of Removal (Doc. 1) of the action in this Court on October 7, 2013, and filed a Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 4) on October 14, 2013.  After this Court entered an Order granting Wells Fargo's Motion

---

[1] Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. in 2004.  As a result there is no separate legal entity, and the correct named defendant should be Wells Fargo Bank, N.A.  Indeed, it is Wells Fargo Bank, N.A. that Plaintiff served with a copy of the Complaint in this action.

28720084.1

to Dismiss (Doc. 7) on November 6, 2013, Plaintiff filed an Amended Complaint ("Amended Complaint") (Doc. 8) on November 13, 2013.

Plaintiff's Amended Complaint is based upon allegations that Wells Fargo called Plaintiff's cellular telephone and sent Plaintiff written communications concerning the collection of a debt for a Wells Fargo Home Mortgage account ending in the numbers 6129 (the "Mortgage").[2]  See Am. Compl. ¶¶ 8-34 & Exs. A & B.  While Plaintiff failed to attach the Mortgage to her Amended Complaint, it is appropriate for this Court to consider the Mortgage since it is central to Plaintiff's claims.[3]  See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to plaintiff's claim…the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal….").

## LEGAL MEMORANDUM

Pursuant to Paragraph 25 of the Mortgage, Plaintiff expressly and affirmatively waived the right to a trial by jury "in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." Ex. A ¶ 25.  Plaintiff's Amended Complaint improperly demands a trial by jury.  See Am. Compl. (Demand for Jury Trial).  Because the claims in Plaintiff's Amended Complaint all relate to the Mortgage, the jury trial demand should be stricken.

---

[2] A copy of the Mortgage is attached to this Motion as Exhibit 1. A copy of the Assignment of Mortgage to Wells Fargo is attached as Exhibit 2.  In accordance with Fed. R. Civ. P. 5.2(a), each of the exhibits attached to this Motion has been redacted as required.

[3] By separate motion to be filed this same date, Wells Fargo is moving, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff's demand for a jury trial should be stricken because Plaintiff knowingly and voluntarily waived her right to a jury trial. The Eleventh Circuit has held that a party may waive her right to a jury trial when the waiver is made knowingly and voluntarily. See Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 F. App'x. 820, 823 (11th Cir. 2006). To determine whether a waiver is made knowingly and voluntarily, courts consider, among other things: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. Milsap v. Cornerstone Residential Mgmt., Inc., No. 05-60033-CIV, 2007 WL 965590, at *2 (S.D. Fla. Mar. 28, 2007) (citing Allyn v. W. United Life Assur. Co., 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004)); see also Kappelman v. Brown & Brown, Inc., No. 07-22362-CIV, 2008 WL 638089, at *1 (S.D. Fla. Mar. 7, 2008). In considering these factors, "it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." Id. (quoting Allyn, 347 F. Supp. 2d at 1252).

Here, Plaintiff's jury trial waiver is valid. First, the waiver is conspicuous. Jury trial waivers have routinely been found to be conspicuous when the waiver sits in its own separate paragraph (as it does in this case), has a bold-font caption entitled "Jury Trial Waiver" (as it does here), is the same size font as the rest of the document (as it is here), is located just above the signature line (as it is here, where it is the paragraph immediately preceding the signature line), and states clearly with unambiguous language that the borrower under the Mortgage is waiving her right to a jury trial (as it does here). See Murphy v. Cimarron Mortgage Co., No. 8:06-cv-2142-T-24 TBM, 2007 WL 294229, at *2 (M.D. Fla. Jan. 29, 2007) (finding that the jury waiver

was conspicuous and listing the factors identified above); Anderson v. Apex Fin. Group, Inc., No. 8:08-CV-949-T-30MSS, 2008 WL 2782684, at *1 (M.D. Fla. July 16, 2008) (upholding jury trial waiver provision in mortgage agreement where the court found that the waiver was conspicuous based on above factors); Kappelman, 2008 WL 638089, at *1 (S.D. Fla. Mar. 7, 2008) (finding jury waiver conspicuous). Notably, both Judge Bucklew in Murphy and Judge Moody in Anderson struck jury demands based on jury waiver provisions identical to the jury waiver contained in the Mortgage in this case. Murphy, 2007 WL 294229, at *2; Anderson, 2008 WL 2782684, at *1. There can be no dispute that the waiver in the Mortgage here is conspicuous.

Second, Plaintiff has not alleged in her Amended Complaint that she was unable to read or generally lacked the sophistication to understand the jury trial waiver. See Kappelmann, 2008 WL 638089, at *1 ("There is no evidence before the Court that Plaintiff did not possess sufficient education and experience to enter into the Employment Agreement."); see also Winiarski v. Brown & Brown, Inc., No. 5:07-cv-409-0c-10GRJ, 2008 WL 1930484, at *3 (M.D. Fla. May 1, 2008) ("Plaintiff is charged with knowledge of the provisions incorporated into the contract she executed and cannot derive legal protection from her unwillingness to read the contract."); Gulati v. Countrywide Home Loans, Inc., No. 6:05-cv-1097-Orl-28DAB, 2006 WL 6300891, at *2 (M.D. Fla. Feb. 17, 2006) (upholding jury trial waiver after finding that "Plaintiffs have not produced any evidence support [sic] for their contention that the jury trial waiver was not knowingly, voluntarily, and intelligently given").

Third, Plaintiff was free to negotiate the terms of the waiver and Mortgage. Regardless of whether Plaintiff actually negotiated the terms of the waiver, she was free to do so, and she offers no evidence to suggest otherwise. See Oei v. Citibank, N.A., 957 F. Supp. 492, 523

(S.D.N.Y. 1997) (simply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable). Further, consent to a waiver is "not involuntary simply because the provision was part of a standard form contract or contained boilerplate language." Milsap, 2007 WL 965590, at *2; In re Managed Care Litig., No. 00-1334-MD, 2009 WL 856321, at *5 (S.D. Fla. Mar. 30, 2009) (finding that boilerplate contracts, necessary for the efficiency of large institutions, are not unconscionable). Thus, absent a showing that Plaintiff opposed the jury trial waiver at the time of signing, the waiver should be enforced. See Milsap, 2007 WL 965590, at *2.

Fourth, Plaintiff cannot demonstrate that she suffered an extreme bargaining disadvantage when negotiating the terms of the waiver and Mortgage. In order to invalidate an otherwise acceptable jury trial waiver, the party disputing the legitimacy of the waiver must show that there was a "gross disparity in bargaining position." GE Commercial Fin. Bus. Prop. Corp. v. Heard, 621 F. Supp. 2d 1305, 1312 (M.D. Ga. 2009); see also Westside-Marrerro Jeep Eagle, Inc. v. Chrysler Corp., Inc., 56 F. Supp. 2d 694, 708-09 (E.D. La. 1999) ("To invalidate a waiver provision, however, the bargaining differential must be the kind of 'extreme bargaining disadvantage' or 'gross disparity in bargaining position' that occurs only in certain exceptional situations."); Milsap, 2007 WL 965590, at *2-*3 (a gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written—i.e., when the party is unable to simply walk away if the terms are unacceptable).

In Milsap, the Court found that a single mother of two, in need of housing, was still not at an extreme bargaining disadvantage when she signed a lease agreement because she could have found housing elsewhere. 2007 WL 965590, at *2. Plaintiff has alleged no facts that suggest that she was forced to accept the terms of the Mortgage as written or that she could not have

walked away from this contract and found alternate financing for her home mortgage loan. See Am. Compl. ¶¶ 1-40.

Fifth, Plaintiff has alleged no facts in her Amended Complaint that she attempted to retain an attorney to review the Mortgage but was precluded from doing so. See Winiarski, 2008 WL 1930484, at *3 (upholding jury trial waiver where "Plaintiff has not presented any information suggesting that she wanted to have legal counsel review the agreement or that she requested an opportunity to do so").

Finally, Plaintiff's FCCPA and TCPA claims in this cause fall within the scope of the waiver. It is clear from Plaintiff's Amended Complaint and Exhibits to the Amended Complaint that the Mortgage was the basis for Wells Fargo's alleged collection calls and written communications to her. See Am. Compl. ¶¶ 8-34 & Exs. A & B. Judge Kenneth A. Marra of the Southern District of Florida recently construed the identical jury trial waiver in a mortgage as encompassing a borrower's claims under the FCCPA and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Martorella v. Deutsche Bank Nat. Trust Co., No. 12-80372-CIV, 2013 WL 1136444, at *3 (S.D. Fla. Mar. 18, 2013). Similarly, Judge Bucklew of this district has construed the identical jury trial waiver in a mortgage as encompassing a borrower's claims under the FCCPA and the FDCPA. Belin v. Litton Loan Servicing, LP, No. 8:06-cv-760-T-24 EAJ, 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006) (holding that "Mr. Belin's FDCPA and FCCPA claims are related to the mortgage, even though they do not directly arise from the mortgage itself."); Murphy, 2007 WL 294229 at *2 (enforcing identical jury trial waiver to strike jury trial demand in borrower's FDCPA lawsuit).

The jury trial waiver here was clearly marked and easy for Plaintiff to understand. It was not unconscionable, contrary to public policy, or unfair. Thus, the waiver provision is valid, and

the parties should be held to the contract they signed.  Further, Plaintiff's claims in this cause clearly relate to the Mortgage and, therefore, fall within the scope of her waiver.  Accordingly, Plaintiff's jury trial demand should be stricken.

## CONCLUSION

For the reasons set forth herein, Defendant, Wells Fargo Bank, N.A., requests that this Court enter an order striking Plaintiff's jury trial demand as to all counts.

Dated:   December 13, 2013.

Respectfully submitted,

*s/ Sara G. Witmeyer*
Fentrice D. Driskell
Florida Bar No. 0833851
Sara G. Witmeyer
Florida Bar No. 28072
E-mail: fdriskell@carltonfields.com
E-mail: switmeyer@carltonfields.com
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL  33601-3239
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on **December 13, 2013**, I electronically filed the foregoing Defendant, Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff, Cynthia P. Crank's Jury Trial Demand and Supporting Legal Memorandum with the Clerk of Court, by using the CM/ECF system, which will send an electronic notice to the following authorized CM/ECF filers:

Christie D. Arkovich
Erin M. Allen
1520 W. Cleveland Street
Tampa, FL 33606
cdalaw@tampabay.rr.com
cdalaw5@tampabar.rr.com
cdalaw7@tampabay.rr.com

*/s/  Sara G. Witmeyer*
Sara G. Witmeyer
Florida Bar No. 28072