UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA P. CRANK,

        Plaintiff,

v.                                                   CASE NO.  8:13-cv-2579-T-23EAJ

WELLS FARGO HOME MORTGAGE,

        Defendant.
_____/

## ORDER REFERRING CASE TO MEDIATION

In accord with Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

(a)    Referral to Mediation: This case is referred to mediation. The court appoints Peter J. Grilli, 3001 West Azeele Street, Tampa, Florida  33609, (813) 874-1002, as mediator.

(b)    Conduct of Mediation Conference:  The mediation shall be conducted in accord with this Order, the Local Rules regarding mediation, and the procedures outlined in the attachment to this Order.  Compliance with this order is not satisfied by any other attempt of the parties to resolve this matter through mediation or other mechanism for dispute resolution.

(c)    Scheduling Mediation Conference:  The mediation shall be conducted on or before May 2, 2014.

(d)    Designation and Responsibility of Lead Counsel: Christie D. Arkovich is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the date and time of the mediation.  Within twenty days of this order,

lead counsel shall file a Notice of Mediation with the Clerk giving the agreed date and time of mediation. Once scheduled, the agreed date for the mediation conference shall operate as the mediation deadline in lieu of the date set forth in paragraph (c) above. Extension of the mediation deadline requires leave of Court. Before moving for an extension of the mediation deadline, the movant shall consult both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled. In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion. Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

(e) General Rules Governing the Mediation Conference: Although mediation is defined in greater detail in Chapter Nine of the Local Rules and the attachment to this Order, the following additional guidelines are imposed upon the mediation:

   (1) Case Summaries: Not later than five working days prior to the scheduled mediation conference, each party shall mail directly to the Mediator and opposing counsel a brief written summary of the facts and issues of the case. These summaries shall be treated by the mediator as confidential communication, and shall not be incorporated into the public records of this case.

   (2) Identification of Corporate and/or Claims Representatives: As part of the written case summaries, counsel for corporate parties, municipalities and claims professionals shall state the name and general job description of the representatives for the corporation or municipality who will attend and participate on behalf of the corporate party.

    (3) Authority of the Mediator:  The Mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order.  The mediation shall continue until adjourned by the mediator.  No participant may compel the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to scheduled mediation.

    (4) Authority to Declare Impasse:  Although the average mediation usually takes between 3-5 hours, participants shall be prepared to remain until the Mediator declares an impasse.

    (5) Attendance: Each attorney acting as lead counsel and every party (or the designated representative with full authority to settle) shall personally attend the mediation.  Absent extraordinary circumstances, this requirement will not be waived.  Any requests with regard to attendance shall be directed to the Court.

    (6) Structure: In any Track Three case, other complex or protracted case, or case involving multiple parties, the mediator is authorized to conduct the mediation in a series of sessions and in groups of parties.

(f)   Compensation of the Mediator:  The Mediator shall be compensated at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation.  Upon motion of the prevailing party, the Mediator's compensation may be taxed as a cost in the instant action.  The parties shall comply with any reasonable cancellation policy established by the mediator.

(g)   Not later than ten days from the date of this Order, any party may file and serve written objections to this Order.  The absence of any such objection shall constitute acknowledgment and consent to the terms of this Order.

ORDERED in Tampa, Florida on January 23, 2014.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


　　　　　　　　　　　　　　　　
　　　　Plaintiff(s),

v.　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO.


　　　　Defendant(s).
_____/

**MEDIATION REPORT**

In accordance with the Court's mediation order(s), a mediation conference was held on

_____, 20____, and the results of that conference are indicated below:

(a)　　The following individuals, parties, corporate representatives, and/or claims professionals attended and participated in the mediation conference, and each possessed the requisite settlement authority:

　　____　　All individual parties and their respective trial counsel.

　　____　　Designated corporate representatives.

　　____　　Required claims professionals.

(b)　　The following individuals, parties, corporate representatives, and/or claims professionals failed to appear and/or participate as ordered:



(c)　　The outcome of the mediation conference was:

____　　<u>The case has been completely settled</u>.  In accordance with Local Rule 9.06(b), lead counsel will promptly notify the Court of settlement in accordance with Local Rule 3.08 by the filing of a settlement agreement signed by the parties and the mediator within ten (10) days of the mediation conference.

____　　<u>The case has been partially resolved</u> and lead counsel has been instructed to file a joint stipulation regarding those claims which have been resolved within ten (10) days.  The following issues remain for this Court to resolve:

---

**MEDIATION REPORT**
**(Attachment to Mediation Order) (Rev. 7/93)**

   ___    <u>The conference was continued</u> with the consent of all parties and counsel.  The mediation conference will be held on a date certain not later than ten (10) days prior to the scheduled trial date.  Any continuance beyond that time must be approved by the presiding Judge.  Mediation Reports will be filed after additional conferences are complete.

   ___    <u>The parties have reached an impasse</u>.

Done this __ day of _____, 20____, in _____, Florida.

_____

                                                      Signature of Mediator

                                              _____
                                              Name of Mediator

                                              _____
                                              _____
                                              _____
                                              Mediator's Mailing Address/Telephone Number

cc:  Counsel of Record and
      Unrepresented Parties

---

**MEDIATION REPORT**
**(Attachment to Mediation Order) (Rev. 7/93)**